**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 19-20059-TP-SEITZ

UNITED STATES OF AMERICA,

v.

NATHANIEL JAMES,

    Defendant.
_____/

**ORDER DENYING DEFENDANT NATHANIEL JAMES'
MOTION FOR EARLY TERMINATION OF
SUPERVISED RELEASE WITHOUT PREJUDICE**

THIS MATTER is before the Court on Defendant Nathaniel James' Motion for Early Termination of his five years of Supervised Release [DE 38]. The Court has considered the motion, Mr. James' 1991 PSI, his conduct since release pursuant to the First Step Act and his conduct during his voluntary participation in this District's CARE Court, a reentry program designed to assist the successful societal reintegration post-prison of returning citizens assessed as moderate/high risk of recidivism. The Court, as it must, also considered the 18 U.S.C. § 3553(a) factors. Based on the foregoing and for the reasons below, the motion must be denied at this time. However, if Mr. James continues to demonstrate his positive attitude, conduct and community work, mentors present CARE Court participants and builds his business into one that produces a sufficient, stable income stream for at least 10 months from the date of this Order, he is invited to renew his motion.

I.  BACKGROUND

In December 1991, Mr. James was sentenced in the Northern District of Florida to a life term to run concurrently to the sentence imposed in the Southern District of Florida followed by five (5) years of supervised release for conspiracy to distribute cocaine and crack in violation of 21 U.S.C. §846. According to his Presentence Investigation Report, Mr. James organized and operated one of the largest drug organizations in Florida, employing more than 175 people from 1983 to 1989. He began his drug business in Miami and in 1987 shifted its operational base to Tallahassee where he was storing and distributing multiple kilograms of cocaine per week.

On May 21, 2019, pursuant to the First Step Act (FSA), Mr. James' Northern District of Florida judge reduced his life term to a within-Guideline term of 408 months with all other aspects of the sentence imposed in 1991 to remain the same including the five (5) years of supervised release. The earlier Fair Sentencing Act had lowered the statutory penalties for the conviction to the new penalties of 5 to 40 years of imprisonment and at least four (4) years of supervised release. Mr. James' concurrent Southern District of Florida drug sentence imposed a five-year term of supervision that remained lawful under the FSA.

Mr. James began his term of supervision on May 22, 2019 in the Northern District of Florida. He was granted a transfer to the Southern District of Florida. He has completed 21 months of his 60 months of supervised release. As noted above, he volunteered for CARE Court and graduated in May, 2021 earning a 12-month

reduction in his term of supervised release so that his present release date is May 21, 2023.

## II. ANALYSIS

As Mr. James' motion notes, pursuant to 18 U.S.C. §3583(e)(1), the Court may terminate supervised release after one year of supervision, if it is satisfied the defendant's conduct and the interests of justice warrant such action after considering the 18 U.S.C. §3553(a) factors. While Mr. James must be applauded for his recent positive progress in his reintegration plan, including his recent CARE Court graduation, he has not yet achieved the consistency in his employment stability goals to merit early termination at this time.

Mr. James had a long and bumpy road in reaching his CARE Court graduation goal. While he established his own lawn care business that before COVID had up to 20 regular customers, he had difficulty demonstrating that he had a viable, on-going customer base and business. This was reflected in his consistent failure to provide documentation of his income and his failure to establish and maintain the required business records to file timely his taxes. The receipts he did turn in showed his income was at best $200 a week. Sadly, when the COVID pandemic impacted him and his business, Mr. James began to exhibit a confrontational attitude; he consistently refused to be accountable for his actions and choices and he repeatedly failed to follow through on his promises while blaming others for his failures. This concerned his CARE Court Team and raised questions as to whether Mr. James would or could successfully complete CARE Court as his conduct was undermining this goal.

Happily, beginning in late December 2020, Mr. James started to change his attitude and conduct for the better. This was after a combination of an intervention by the CARE Court judges and his completion of various Neighbors & Neighbors Association (NANA) certification programs such as "Tools for Change." Beginning in 2021, he renewed his commitment to himself and to the completion of CARE Court. In May 2021, he finished MRT, a cognitive behavior modification therapy required for graduation. It was a proud day when his new attitude, positive conduct and recommitment led to his CARE Court graduation which merited a one-year reduction in his supervision term. The permanent continuation of Mr. James's new attitude and consistent follow through are essential for his successful reintegration and to merit early termination.

Mr. James has only been performing on this right track for just over six months. He is now assessed at a low/moderate risk level with certain dynamic risk factors related to employment and decision making. It is the employment risk factor coupled with the recency of his emerging good-decision-making skills that require the Court to conclude that at this time, the §3553 factors are not yet satisfied to justify early termination.

As Mr. James knows, the CARE Court team, including the judges and his probation officer want him to succeed for the long term. To do so he must implement a long-range plan to ensure his legitimate economic livelihood. Although he is not there yet, he has started to address these issues. For example, he obtained a NANA entrepreneurial certification. He recently began a computer skills course which will

4

not only help in his business, it will allow him greater personal independence. He had been reluctant to develop a formal business plan to implement his vision, but given the new skills he is acquiring and the efforts he is making, it appears that he is serious about steadily building his business and maintaining the records need to demonstrate living sustaining income and compliance with all legitimate business regulations. It is hoped that he will pursue the various organizations that provide coaching to new businesses so that they do succeed.

Assuming he continues in his new attitude and activities to establish a viable business, he will be successful. He has shown that he can do it if he is willing to work the process. The Court encourages him to do so, so he is as successful as he knows he can be. The CARE Court Team hopes he will continue his positive community and CARE Court mentoring activities. If he does these things and his lawn business shows a consistent track record of a solid, stable client base, with an acceptable record keeping system and sufficient income, he may have the proof to support a renewed motion for early termination. Therefore, at this time, it is

**ORDERED** that Defendant Nathaniel James' Motion for Early Termination of Supervised Release [DE 38] is DENIED.

**DONE AND ORDERED** in Miami, Florida, this 25th day of June, 2021.

_Patricia A. Seitz_
PATRICIA A. SEITZ
UNITED STATES SENIOR DISTRICT JUDGE

cc: All counsel of record